UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

| | | |
|---|---|---|
| WHEEL CHOICE, LLC, | : | Civil Action No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | **COMPLAINT** |
| | : | |
| | : | |
| SAINTY GROUP (U.S.A.), INC., | : | |
| JIANGSU SAINTY MACHINERY and | : | |
| IMP. & EXP. CO. LTD, and CHOICE AUTO, INC., | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| Defendants. | : | |

-------------------------------------------------------------------------------x

Plaintiff Wheel Choice, LLC, through its undersigned counsel, for its

complaint against defendants, alleges as follows:

## INTRODUCTION

1.      This action is commenced by plaintiff Wheel Choice, LLC, a

distributor of Alfina Luxury Wheels and Montoro Truck Wheels, who specifically

purchased from defendants Sainty Group (U.S.A.), Inc., and Jiangsu Sainty Machinery

Imp. & Exp. Co., Ltd. (collectively "Jiangsu"), luxury wheels with the Alfina Luxury Wheel

logo and design, said logo and design owned by plaintiff, for plaintiff to distribute to its

wholesale and retail customers for re-sale to individual end user owners of various

types of luxury automobiles.  Indeed, said logo and design is unique to Wheel Choice,

LLC and its brand.  Notwithstanding such however, Jiangsu has faultily manufactured

the aforementioned luxury wheels, said faulty luxury wheels causing wheel cylinders to

randomly break while an automobile is in operation, causing potential harm to the public

at large.  Indeed further, because the luxury wheels prominently display the Alfina logo

{00032617.DOCX}

so unique to plaintiff's brand, the damage resulting from the faulty luxury wheels has exposed plaintiff Wheel Choice to liability and other pecuniary harm. While plaintiff has demanded that Jiangsu arrange for the return of the aforementioned faulty wheel products to China and ensure that these products not be distributed to any other wheel distributor, Jiangsu has failed to do so. Rather, while Jiangsu did accept the return of a good deal of the aforementioned faulty wheel products, Jiangsu has been re-selling those same faultily manufactured wheel products it was obligated to send back to China, to other distributors in the United States. As a result, not only has plaintiff suffered substantial financial harm plus damage to their business good will for which it is entitled to just compensation, Jiangsu has exposed the public at large to harm and has exposed plaintiff to liability for that harm. As such, plaintiff is compelled to commence the instant action that is grounded in claims for breach of contract, breach of warranty, negligent misrepresentation and injunctive relief.

### The Parties

2.      Plaintiff Wheel Choice, LLC ("Wheel Choice") is a limited liability Company organized and existing under the laws of New York with its principal place of business located in Rockland County. Wheel Choice distributes Alfina Luxury Wheels and Montoro Truck Wheels to wholesalers and retailers in the automotive industry, for various types of automobiles. Wheel Choice purchased the aforementioned wheel products from defendant Jiangsu Sainty Machinery Imp. & Exp. Co., Ltd., the defective nature of which is the subject of this action.

3.    Upon information and belief, at all times relevant to this complaint, defendant Sainty Group (U.S.A.), Inc., ("Sainty"), was and is a corporation organized and existing under the laws of California, with its principal place of business located in Baldwin Park, California.  Sainty is the parent company of defendant Jiangsu Sainty Machinery Imp. & Exp. Co., Ltd.

4.    Upon information and belief, at all times relevant to this complaint, defendant Jiangsu Sainty Machinery Imp. & Exp. Co., Ltd. ("Jiangsu"), was and is a corporation organized and existing under the laws of California, with its principal place of business located in Baldwin Park, California.  Jiangsu manufactures, amongst other things, various customized wheel products, to the specific applications of its customers. Jiangsu is the wholly owned subsidiary of defendant Sainty.

5.    Upon information and belief, Jiangsu transacts business in the State of New York, and contracts to supply goods and services in the State of New York.  Jiangsu contracted with Wheel Choice to supply Wheel Choice with luxury wheels with the Alfina Luxury Wheel logo and design for use on various types of luxury automobiles, which Wheel Choice was to distribute and re-sell to its wholesale and retail customers in New York.

6.    Upon information and belief, at all times relevant to this complaint, defendant Choice Auto, Inc. ("Choice Auto"), was and is a corporation organized and existing under the laws of California, with its principal place of business located in Sante Fe Springs, California.  Upon information and belief, Choice Auto transacts business in

the State of New York, and contracts to supply goods and services in the State of New York.

## JURISDICTION AND VENUE

7.     Plaintiff is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

8.     Sainty is a citizen of the State of California within the meaning and intent of 28 U.S.C. § 1332.

9.     Jiangsu is a citizen of the State of California within the meaning and intent of 28 U.S.C. § 1332.

10.    Choice Auto is a citizen of the State of California within the meaning and intent of 28 U.S.C. § 1332.

11.    The amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

12.    This Court has subject matter jurisdiction based upon diversity of citizenship of the parties.

13.    Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), in that it is the judicial district in which a substantial part of the events or omissions giving rise to plaintiff's claims occurred.

## FACTS COMMON TO ALL COUNTS

14.    Plaintiff Wheel Choice is a distributor of Alfina Luxury Wheels and Montoro Truck Wheels for various types of automobiles.  Indeed, the Alfina brand is

{00032617.DOCX}

Wheel Choice's unique brand with its logo is prominently displayed on the Alfina Luxury Wheels.

15.    As a result of, and with reliance upon Jiangsu's representations, Wheel Choice contracted with Jiangsu for the purpose of Jiangsu manufacturing the Alfina Luxury Wheels, which Wheel Choice would purchase in large quantities to be sold on a retail and/or wholesale basis.

16.    In June 2018, the Alfina Luxury Wheels were delivered by Jiangsu to Wheel Choice for distribution in New York.  Plaintiff Wheel Choice provided monetary consideration for the shipment of Alfina Luxury Wheels manufactured and delivered by Jiangsu.  Upon receipt of the aforementioned delivery, Wheel Choice distributed said Alfina Luxury Wheels to various retail and/or wholesale distributors of automotive tires.

17.    From the very outset, the Alfina Luxury Wheels failed to function properly.  Most specifically, various purchasers of the Alfina Luxury Wheels at both the retail and wholesale level reported to Wheel Choice that the Alfina Luxury Wheels failed to properly perform and were otherwise completely unusable.  Most specifically, Wheel Choice was advised by its customers that the faulty Alfina wheels were causing inner wheel barrels to randomly break while the automobile was in operation.  This breakage of the inner wheel barrels caused the tire to which the Alfina wheel was attached to burst, resulting in said automobile spinning out of control, thereby further causing potential significant harm to the public at large.

18.    Plaintiff's purchasers demanded from plaintiff a refund of the

{00032617.DOCX}

Alfina luxury wheel purchase price, and further, demanded from plaintiff that it remedy the damage already caused by the Alfina Luxury Wheels.

19.     Plaintiff have provided funds under threat of legal compulsion and expect to provide additional funds to as yet unidentified purchasers of the Alfina Luxury Wheels.

20.     Plaintiff has further ceased distributing the Alfina Luxury Wheels such that it is now left remaining with significant quantities of said Alfina Luxury Wheels in its inventory for which it has previously remitted payment to Jiangsu, and which now has no value and for which there now is no market.  Plaintiff further expects to incur significant costs associated with the disposal of the Alfina luxury Wheels.

21.     Plaintiff's business has suffered and will continue to suffer a loss of business good will as a result of it having sold and distributed the faultily manufactured Alfina Luxury Wheels.

## COUNT I
## (Breach of Contract)

22.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "21" above, as if fully set forth herein.

23.     Plaintiff Wheel Choice purchased from Jiangsu substantial quantities of the Alfina Luxury Wheels in exchange for monetary consideration.

24.     Plaintiff made said purchases based upon representations made by Jiangsu concerning the use and suitability of the Alfina Luxury Wheels for plaintiff's customer's use after re-sale.

{00032617.DOCX}

25.    The contracts entered into between plaintiff and Jiangsu were in writing and subject to the Uniform Commercial Code, including its requirements that the Alfina Luxury Wheels be of conforming quality, merchantable and suitable for its intended use on automobiles.

26.    The Alfina Luxury Wheels as delivered by Jiangsu to plaintiff was not of the kind and quality represented by Jiangsu and as such, did not conform to the terms of the sales contract, was not of merchantable quality and was not suitable for use by plaintiff's customers.

27.    By virtue of the non-conforming nature of the Alfina Luxury Wheels, Jiangsu has breached its contract with plaintiff, causing plaintiff substantial monetary loss in a precise sum to be determined at trial but not less than $2,000,000.00.

28.    Plaintiff, pursuant to the Uniform Commercial Code, hereby rejects as non-conforming, all of the Alfina Luxury Wheels sold to it, as non-conforming, and further, seek a refund of all monies paid to Jiangsu plus consequential damages directly resulting from the aforementioned breach by Jiangsu.

29.    Alternatively, plaintiff seeks rescission of the contract based upon Jiangsu's fraud and misrepresentation and seeks, amongst other things, consequential damages directly resulting from the aforementioned breach by Jiangsu.

## COUNT II
## (Breach of Warranty of Fitness)

30.    Plaintiff repeats and re-alleges each of the allegations set forth in

{00032617.DOCX}

- 7 -

paragraphs "1" through "29" above, as if fully set forth herein.

31.    The Alfina Luxury Wheels sold to Wheel Choice is covered by an implied warranty of fitness for a particular purpose pursuant to N.Y.U.C.C. § 2-315.

32.    Jiangsu knew the purpose for which plaintiff was purchasing the Alfina Luxury Wheels.  Jiangsu impliedly warranted to plaintiff that, amongst other things, the Alfina Luxury Wheels were fit to be utilized on luxury vehicles.

33.    Plaintiff reasonably relied upon this implied warranty of fitness for a particular purpose in purchasing and then selling the Alfina Luxury Wheels to various wholesalers and retailers.

34.    The Alfina Luxury Wheels did not, and cannot, fulfill the particular purpose for which Wheel Choice contracted with Jiangsu, despite Jiangsu's written and oral representations that the Alfina Luxury Wheels would do so.

35.    Accordingly, Jiangsu breached its obligations under N.Y. U.C.C. § 2-315 and is liable to plaintiff for the direct damages sustained by plaintiffs in an amount of not less than $2,000,000.00, the precise amount to be determined at trial.

### COUNT III
### (Negligence)

36.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "35" above, as if fully set forth herein.

37.    Jiangsu owed plaintiff the duty to use reasonable care in designing and supplying the Alfina Luxury Wheels for plaintiff's operations and needs.

38.    Jiangsu knew that plaintiff was relying upon Jiangsu to design the

{00032617.DOCX}

- 8 -

Alfina Luxury Wheel that would meet plaintiff's requirements.  Plaintiff justifiably and reasonably relied upon Jiangsu to design the Alfina Luxury Wheels that would meet plaintiff's requirements.

39.    Jiangsu failed to use reasonable care in designing and supplying the Alfina Luxury Wheels that would meet plaintiff's requirements.

40.    Jiangsu knew or should have known that plaintiff was incurring substantial sums for the purpose of marketing and distributing its Alfina Luxury Wheels to the automotive industry and that plaintiff was relying on Jiangsu to use reasonable care in designing and supplying the Alfina Luxury Wheels for that purpose.

41.    As a proximate result of Jiangsu's negligence, plaintiff suffered damages in an amount to be determined at trial, but which exceeds $2,000,000.  Those damages include costs and expenses paid by plaintiff for the purchase of the Alfina Luxury Wheels, and lost profits and loss of business good will incurred by plaintiff as a proximate result of Jiangsu's negligence.

## COUNT IV
### (Breach of Express Warranty)

42.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "41" above, as if fully set forth herein.

43.    Defendant Jiangsu made certain express warranties to plaintiff concerning, but not limited to, the suitability of the Alfina Luxury Wheels.

44.    Plaintiff reasonably relied upon such representations.

{00032617.DOCX}

- 9 -

45.     The Alfina Luxury Wheels failed to measure up to those representations, as in fact, said luxury wheels failed to properly perform during ordinary use, and were otherwise defective.

46.     These defects breached the express warranties which defendant Jiangsu made to plaintiff.

47.     As a direct and proximate result of Jiangsu's breach of said express warranties, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT V
### (Breach of Implied Warranty of Merchantability)

48.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "47" above, as if fully set forth herein.

49.     Implied in every sale of defendant's Alfina Luxury Wheel is a warranty of merchantability that, among other things, said luxury wheel would pass without objection in the automotive industry and would be fit for the ordinary purpose for which the luxury wheels were to be used.

50.     Plaintiff reasonably relied upon Jiangsu's warranty of merchantability.

51.     Simply put, the Alfina Luxury Wheels purchased by plaintiff did not pass the standard of merchantability since the product failed of its ordinary purpose and was otherwise defective.

{00032617.DOCX}

52.     By reason of the foregoing, plaintiff incurred damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT VI
## (Common-Law Fraud)

53.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "52" above, as if fully set forth herein.

54.     Defendant Jiangsu represented to plaintiff for the purposes of their own profit that, amongst other things, the Alfina Luxury Wheels were fit for the usage in the automotive use.

55.     At the time the aforementioned representation was made, defendant Jiangsu was aware that the Alfina Luxury Wheels were in fact not fit for automotive use.

56.     Defendant Jiangsu permitted this representation to be made so as to gain profit from its sale of Alfina Luxury Wheels to plaintiff.

57.     Plaintiff reasonably relied upon Jiangsu's representation when it purchased the Alfina Luxury Wheels from Jiangsu and when it then sold said luxury wheels various retailers and wholesalers.

58.     As a direct and proximate result of defendant's fraudulent representations, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT VII
## (Negligent Misrepresentation)

59.     Plaintiff repeats and re-alleges each of the allegations set forth in

{00032617.DOCX}

paragraphs "1" through "58" above, as if fully set forth herein.

60.    Defendant Jiangsu represented to plaintiff for the purposes of their own profit that, amongst other things, the Alfina Luxury Wheels were fit for the usage in the automotive use.

61.    At all material times, defendant Jiangsu was in possession of knowledge and could have reasonably determined that the luxury wheels were in fact, not fit for automotive usage.

62.    Upon information and belief, defendant Jiangsu made no effort whatsoever to test, sample or otherwise determine the fitness of the luxury wheels.

63.    Upon information and belief, defendant Jiangsu made no effort whatsoever to test, sample or otherwise determine the fitness of the luxury wheels in a scientifically accepted manner.

64.    Upon information and belief, defendant Jiangsu made no effort whatsoever to test, sample or otherwise determine the fitness of the luxury wheels in a manner commonly accepted in the trade and industry.

65.    Defendant had a duty to so test the luxury wheels to insure that it performed in proper fashion.

66.    Plaintiff reasonably relied upon Jiangsu's representation when it purchased the Alfina Luxury Wheels from Jiangsu and when it then sold said luxury wheels various retailers and wholesalers.

67.     As a direct and proximate result of defendant's negligent misrepresentations, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT VIII
## (Intentional Misrepresentation)

68.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "67" above, as if fully set forth herein.

69.     Defendant Jiangsu represented to plaintiff for the purposes of their own profit that, amongst other things, the Alfina Luxury Wheels were fit for the usage in the automotive use.

70.     At all material times, defendant Jiangsu was in possession of knowledge and could have reasonably determined that the luxury wheels were in fact, not fit for automotive usage.

71.     Defendant Jiangsu permitted this representation to be made so as to gain profit from its sale of Alfina Luxury Wheels to plaintiff.

72.     Plaintiff reasonably relied upon Jiangsu's representation when it purchased the Alfina Luxury wheels from Jiangsu and when it then sold said luxury wheels various retailers and wholesalers.

73.     As a direct and proximate result of defendant's fraudulent representations, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

{00032617.DOCX}

## COUNT IX
## (Defective Product)

74.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "73" above, as if fully set forth herein.

75.     The Alfina Luxury Wheels were defective.

76.     Defendant Jiangsu manufactured, distributed and/or otherwise introduced into the stream of commerce the defective Alfina Luxury Wheels.

77.     As a direct and proximate result of the defective Alfina Luxury Wheels, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT X
## (Indemnity)

78.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "77" above, as if fully set forth herein.

79.     Plaintiff's customers are seeking damages caused by the faulty Alfina Luxury Wheels manufactured by defendant Jiangsu.  These damages have been caused in full by breaches of warranty, strict liability, negligence, and/or willful conduct of defendant Jiangsu.

80.     No action or inaction by plaintiff caused any damage to its customers who are asserting claims, and any liability of plaintiff to the proponents of its customer's claims is purely based upon the wrongful acts of defendant.

81.     Defendant has refused to provide indemnity for any claims asserted by plaintiff's customers although defendant contractually agreed to do so.

{00032617.DOCX}

82.     Plaintiff has incurred, and continues to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of its customer's claims.

83.     Plaintiff has incurred, and continues to incur, damages from customer claims and may become subject to further liabilities, costs, expenses and attorneys' fees.

84.     Plaintiff is entitled to indemnification from defendant Jiangsu for all costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of its customer's claims.

### COUNT XI
### (Contribution)

85.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "84" above, as if fully set forth herein.

86.     Plaintiff's customers are seeking damages caused by the faulty Alfina Luxury Wheels manufactured by defendant Jiangsu.  These damages have been caused in full by breaches of warranty, strict liability, negligence, and/or willful conduct of defendant Jiangsu.

87.     No action or inaction by plaintiff caused any damage to its customers who are asserting claims, and any liability of plaintiff to the proponents of its customer's claims is purely based upon the wrongful acts of defendant.

88.     Defendant has refused to provide contribution for any claims asserted by plaintiff's customers.

{00032617.DOCX}

- 15 -

89.     Plaintiff has incurred, and continues to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of its customer's claims.

90.     Plaintiff has incurred, and continues to incur, damages from customer claims and may become subject to further liabilities, costs, expenses and attorneys' fees.

91.     Plaintiff is entitled to contribution from defendant Jiangsu for all costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of its customer's claims.

## COUNT XII
### (Attorneys' Fees and Costs)

92.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "91" above, as if fully set forth herein.

93.     Defendant's conduct of selling a defective product and of failing to cease selling its defective product is arbitrary, capricious and in callous disregard of plaintiff's rights.  Indeed, most specifically, plaintiff has discovered that, defendant has continued to sell the defective Alfina Luxury Wheels prominently displaying plaintiff's Alfina logo on said defective wheels, to defendant Choice Auto.

94.     Defendant Jiangsu's conduct will continue indefinitely but for legal intervention, and but for plaintiff retaining the undersigned counsel to prosecute the instant action.

{00032617.DOCX}

95.    As a result, plaintiff has become indebted to the undersigned for reasonable attorneys' fees for which it is entitled to recover from defendant Jiangsu.

## Count XIII
### (Injunction)

96.    Plaintiff repeats and re-alleges each of the foregoing allegations in paragraphs "1" through "95" of this complaint as if fully set forth herein.

97.    Defendant Jiangsu has continued to distribute the defective Alfina Luxury Wheels prominently displaying plaintiff's Alfina logo on said defective wheels, to a wholesaler of automotive tires and wheels, to wit, defendant Choice Auto.  As set forth above, because of the defective nature of the Alfina Luxury Wheels, the continued distribution of said luxury wheels will sully and tarnish plaintiff's sterling reputation in the automotive industry and expose plaintiff to liability and other pecuniary harm.

98.    Most certainly, the continued distribution of the aforementioned faulty and defective Alfina Luxury Wheels poses a danger to the public at large in that said defective wheels have proved to break and rupture during ordinary use, exposing the public at large to sever harm and danger, and further exposing plaintiff to significant liability.

99.    The foregoing will cause plaintiff irreparable harm to which plaintiff has no adequate remedy at law.

100.    Accordingly, the Court should issue a permanent and mandatory

{00032617.DOCX}

injunction enjoining defendant Jiangsu and/or Choice Auto from distributing and/or selling the Alfina Luxury Wheels to any wholesaler, retailer and/or distributor of automotive tires.

### Count XIV
### (Breach of Contract)

101.   Plaintiff repeats and re-alleges each of the foregoing allegations in paragraphs "1" through "100" of this complaint as if fully set forth herein.

102.   Plaintiff Wheel Choice subsequently contracted with defendant Jiangsu that, because the Alfina Luxury Wheels as delivered by Jiangsu to plaintiff was not of the kind and quality represented by Jiangsu and as such, was not of merchantable quality and not suitable for use by plaintiff's customers, defendant Jiangsu would arrange for the return of the aforementioned faulty wheel products to China and ensure that these products not be distributed to any other wheel distributor. Notwithstanding such agreement, Jiangsu failed to do so.   Rather, while Jiangsu accepted the return of a good deal of the aforementioned faulty wheel products, Jiangsu has been re-selling those same faultily manufactured wheel products it was obligated to send back to China, to other distributors in the United States.

103.   In light of the foregoing, Jiangsu has breached this agreement with Wheel Choice by re-selling those same faultily manufactured wheel products it was obligated to send back to China, to other distributors in the United States.

{00032617.DOCX}

104.    As a direct and foreseeable result of Jiangsu's breach of this contract, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

WHEREFORE, plaintiff demands judgment against defendant as follows:

On Counts I through IX, awarding plaintiff damages in an amount of not less than $2,000,000.00, the precise amount to be determined at trial;

On Counts X, XI and XII, awarding plaintiff damages in an amount to be determined at trial;

On Count XIII, an injunction prohibiting defendants from the continued distribution of the Alfina luxury Wheels;

On Counts XIV, awarding plaintiff damages in an amount of not less than $2,000,000.00, the precise amount to be determined at trial;

Awarding plaintiff its costs and disbursements of this action; and

{00032617.DOCX}

Awarding plaintiff such other and further relief as the Court deems just and proper.

Dated:   July 16, 2020
         Chestnut Ridge, New York

The Law Office of Jeremy Rosenberg
*Attorney for Plaintiff*

By:    _____

Jeremy Rosenberg
777 Chestnut Ridge Road, Suite 202
Chestnut Ridge, New York 10977
(845) 729-1172

{00032617.DOCX}

- 20 -