UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

WHEEL CHOICE, LLC,                                  : Civil Action No. 20-cv-5629 (CS)
                                                    :
                    Plaintiff,                      :
                                                    :     **SECOND**
          -against-                                 :     **AMENDED COMPLAINT**
                                                    :
                                                    :
SAINTY GROUP (U.S.A.), INC.,                        :
JIANGSU SAINTY MACHINERY and                        :
IMP. & EXP. CO. LTD, and CHOICE AUTO, INC.,         :     **JURY TRIAL**
                                                    :     **DEMANDED**
                    Defendants.                     :

-------------------------------------------------------------------------------x

       Plaintiff Wheel Choice, LLC, through its undersigned counsel, for its

second amended complaint against defendants, alleges as follows:

## INTRODUCTION

       1.     This action is commenced by plaintiff Wheel Choice, LLC, a

distributor of Alfina Luxury Wheels and Montoro Truck Wheels, who specifically

purchased from defendants Sainty Group (U.S.A.), Inc., and Jiangsu Sainty Machinery

Imp. & Exp. Co., Ltd. (collectively "Jiangsu"), luxury wheels with the Alfina Luxury Wheel

logo and design, said logo and design owned and trademarked by plaintiff, for plaintiff to

distribute to its wholesale and retail customers for re-sale to individual end user owners

of various types of luxury automobiles.  To be certain, said logo and design is unique to

Wheel Choice, LLC and its brand.  Notwithstanding such however, Jiangsu has faultily

manufactured the aforementioned luxury wheels, said faulty luxury wheels causing

wheel cylinders to randomly break while an automobile is in operation, causing potential

{00033014.DOCX}

harm to the public at large.  Indeed further, because the luxury wheels prominently display the Alfina trademarked logo so unique to plaintiff's brand, the damage resulting from the faulty luxury wheels has exposed plaintiff Wheel Choice to liability and other pecuniary harm.  While plaintiff has demanded that Jiangsu arrange for the return of the aforementioned faulty wheel products to China and ensure that these products not be distributed to any other wheel distributor, Jiangsu has failed to do so.    Rather, while Jiangsu did accept the return of a good deal of the aforementioned faulty wheel products, Jiangsu has been re-selling those same faultily manufactured wheel products it was obligated to send back to China, to other distributors in the United States.   As a result, not only has plaintiff suffered substantial financial harm and injury plus damage to their business reputation and good will for which it is entitled to just compensation, Jiangsu has exposed the public at large to harm and has exposed plaintiff to liability for that harm.  As such, plaintiff is compelled to commence the instant action that is grounded in claims for breach of contract, breach of warranty, trademark dilution, negligent and intentional misrepresentation and injunctive relief.

### The Parties

2.      Plaintiff Wheel Choice, LLC ("Wheel Choice") is a limited liability Company organized and existing under the laws of New York with its principal place of business located in Rockland County.   Wheel Choice distributes Alfina Luxury Wheels and Montoro Truck Wheels to wholesalers and retailers in the automotive industry, for various types of automobiles.  Its Alfina logo and design has been trademarked in the

{00033014.DOCX}

United States.  Wheel Choice purchased the aforementioned wheel products from Jiangsu, the defective nature of which is the subject of this action.

3.    Upon information and belief, at all times relevant to this complaint, defendant Sainty Group (U.S.A.), Inc., was and is a corporation organized and existing under the laws of California, with its principal place of business located in Baldwin Park, California.  Sainty Group (U.S.A.), Inc. is an affiliate and/or subsidiary of defendant Jiangsu Sainty Machinery Imp. & Exp. Co., Ltd.

4.    Upon information and belief, at all times relevant to this complaint, defendant Jiangsu Sainty Machinery Imp. & Exp. Co., Ltd. was and is a corporation organized and existing under the laws of California, with its principal place of business located in the Republic of China.  Jiangsu manufactures, amongst other things, various customized wheel products, to the specific applications of its customers.  Jiangsu Sainty Machinery Imp. & Exp. Co., Ltd. is the parent company of defendant Sainty.

5.    Upon information and belief, Jiangsu transacts business in the State of New York, and contracts to supply goods and services in the State of New York.  Jiangsu contracted with Wheel Choice to supply Wheel Choice with luxury wheels with the Alfina Luxury Wheel logo and design for use on various types of luxury automobiles, which Wheel Choice was to distribute and re-sell to its wholesale and retail customers in New York.

6.    Upon information and belief, at all times relevant to this complaint, defendant Choice Auto, Inc. ("Choice Auto"), was and is a corporation organized and existing under the laws of California, with its principal place of business located in Sante

{00033014.DOCX}

Fe Springs, California.  Upon information and belief, Choice Auto transacts business in the State of New York, and contracts to supply goods and services in the State of New York.

## JURISDICTION AND VENUE

7.      Plaintiff is a citizen of the State of New York within the meaning and intent of 28 U.S.C. §1332.

8.      Sainty Group (U.S.A.), Inc. is a citizen of the State of California within the meaning and intent of 28 U.S.C. §1332.

9.      Jiangsu Sainty Machinery Imp. & Exp. Co., Ltd. is a foreign corporation with its principal place of business in the People's Republic of China, within the meaning and intent of 28 U.S.C. §1332.

10.     Choice Auto is a citizen of the State of California within the meaning and intent of 28 U.S.C. §1332.

11.     The amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

12.     This Court has subject matter jurisdiction based upon diversity of citizenship of the parties.

13.     Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(a), in that it is the judicial district in which a substantial part of the events or omissions giving rise to plaintiff's claims occurred.

{00033014.DOCX}

## FACTS COMMON TO ALL COUNTS

14.    Plaintiff Wheel Choice is a distributor of Alfina Luxury Wheels and Montoro Truck Wheels for various types of automobiles.  Indeed, the Alfina brand is Wheel Choice's unique brand with its logo is prominently displayed on the Alfina Luxury Wheels.  Most significantly, the Alfina brand and logo are trademarked in the United States.

15.    As a result of, and with reliance upon Jiangsu's representations, Wheel Choice contracted with Jiangsu for the purpose of Jiangsu manufacturing the Alfina Luxury Wheels, which Wheel Choice would purchase in large quantities to be sold on a retail and/or wholesale basis.   Indeed, the representations made by Jiangsu to plaintiff in order to induce plaintiff to contract with Jiangsu for the manufacture and purchase of the Alfina Luxury Wheels included but were not limited to, Jiangsu's representations to plaintiff Wheel Choice of Jiangsu's many years of experience in manufacturing wheels of the ilk to be purchased by plaintiff and further, based upon Jiangsu's representations as how Jiangsu stands behind its product and as a result of same, plaintiff would do well to purchase the Alfina luxury wheels from Jiangsu.

16.    In June 2018, the Alfina Luxury Wheels were delivered by Jiangsu to Wheel Choice for distribution in New York.  Plaintiff Wheel Choice provided monetary consideration for the shipment of Alfina Luxury Wheels manufactured and delivered by Jiangsu.  Upon receipt of the aforementioned delivery, Wheel Choice distributed said Alfina Luxury Wheels to various retail and/or wholesale distributors of automotive tires.

17.    From the very outset, the Alfina Luxury Wheels failed to function

{00033014.DOCX}

properly. Most specifically, various purchasers of the Alfina Luxury Wheels at both the retail and wholesale level reported to Wheel Choice that the Alfina Luxury Wheels failed to properly perform and were otherwise completely unusable. More specifically, Wheel Choice was advised by its customers that the faulty Alfina wheels were causing inner wheel barrels to randomly break while the automobile was in operation. This breakage of the inner wheel barrels caused the tire to which the Alfina wheel was attached to burst, resulting in said automobile spinning out of control, thereby further causing potential significant harm to the public at large.

18.    In an effort to resolve the foregoing, and so as to ensure that the public at large not be further exposed to Jiangsu's faultily manufactured wheels, Wheel Choice subsequently contracted with defendant Jiangsu that, because the Alfina Luxury Wheels as delivered by Jiangsu to plaintiff was not of the kind and quality represented by Jiangsu, was not of merchantable quality and not suitable for use by plaintiff's customers, and most significantly was a potential danger to the public at large, defendant Jiangsu would compensate Wheel Choice for any damages Wheel Choice sustained, and orally agreed to arrange for the return of the aforementioned faulty wheel products to China and ensure that these products not be distributed to any other wheel distributor. Indeed further, Jiangsu and plaintiff entered into a written agreement whereby Jiangsu agreed to indemnify and hold harmless plaintiff Wheel Choice from any and all liability resulting from the aforementioned faultily manufactured wheel products. Notwithstanding the aforementioned agreements however, and

{00033014.DOCX}

- 6 -

notwithstanding plaintiff's full and complete compliance with same, Jiangsu failed to comply with its obligations under the aforementioned agreements.

19.     Rather, while Jiangsu did accept the return of a good deal of the aforementioned faulty wheel products, Jiangsu has been re-selling those same faultily manufactured wheel products it was obligated to send back to China, to other distributors in the United States.  Most significantly, the continued distribution of the aforementioned faulty and defective Alfina Luxury Wheels poses a danger to the public at large in that said defective wheels have proved to break and rupture during ordinary use thus exposing the public at large to sever harm and danger, and further, notwithstanding the aforementioned indemnification agreement with which Jiangsu obviously has no, and had no intention to comply, exposing plaintiff to significant liability.

20.     Plaintiff's purchasers demanded from plaintiff a refund of the Alfina luxury wheel purchase price, and further, demanded from plaintiff that it remedy the damage already caused by the Alfina Luxury Wheels.

21.     Plaintiff has provided funds under threat of legal compulsion and expect to provide additional funds to as yet unidentified purchasers of the Alfina Luxury Wheels.

22.     Plaintiff has further ceased distributing the Alfina Luxury Wheels such that it is now left remaining with significant quantities of said Alfina Luxury Wheels in its inventory for which it has previously remitted payment to Jiangsu, and which now

{00033014.DOCX}

has no value and for which there now is no market.  Plaintiff further expects to incur significant costs associated with the disposal of the Alfina luxury Wheels.

23.     Further, plaintiff's business has suffered and will continue to suffer a loss of business good will as a result of it having sold and distributed the faultily manufactured Alfina Luxury Wheels.  Most specifically, because of the defective nature of the Alfina Luxury Wheels, the continued distribution of said luxury wheels continues to sully and tarnish plaintiff's sterling reputation in the automotive industry, dilutes the distinctive quality of the Alfina trademarked brand wheel, and otherwise exposes plaintiff to liability and other pecuniary harm.  Defendant Jiangsu's unlawful distribution of the Alfina trademarked logo in connection with the defective wheels and its resulting tarnishing of the Alfina trademarked logo will lessen the value of Alfina trademarked logo as unique identifiers of plaintiff's products[1].

## COUNT I
### (Breach of Contract)

24.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "23" above, as if fully set forth herein.

25.     Plaintiff Wheel Choice purchased from Jiangsu substantial quantities of the Alfina Luxury Wheels in exchange for monetary consideration.

26.     Plaintiff made said purchases based upon representations made by

---

[1]     For the sake of brevity, plaintiff expressly incorporates by reference herein all of the allegations set forth, and the documents furnished in, plaintiff's declarations identified on the Court's docket as Document #4, Document #14 and Document #20, as if said allegations contained therein and said documents annexed thereto, are expressly set forth herein and furnished herewith.
{00033014.DOCX}

Jiangsu concerning the use and suitability of the Alfina Luxury Wheels for plaintiff's customer's use after re-sale.

27.    Plaintiff also made these purchases from Jiangsu based upon representations made by Jiangsu as to their many years of experience in manufacturing wheels of the ilk to be purchased by plaintiff and further, based upon representations as how Jiangsu stands behind its product and as a result of same, plaintiff would do well to purchase the Alfina luxury wheels from Jiangsu.

28.    The contracts entered into between plaintiff and Jiangsu were in writing and subject to the United Nations Convention on Contracts for the International Sale of Goods ("CISG") and the Uniform Commercial Code ("UCC"), including their requirements that the Alfina Luxury Wheels be of conforming quality, merchantable and suitable for its intended use on automobiles.

29.    The Alfina Luxury Wheels as delivered by Jiangsu to plaintiff was not of the kind and quality represented by Jiangsu and as such, did not conform to the terms of the sales contract, was not of merchantable quality and was not suitable for use by plaintiff's customers.

30.    By virtue of the non-conforming nature of the Alfina Luxury Wheels, Jiangsu has breached its contract with plaintiff, and thus, plaintiff is entitled to consequential damages in a precise sum to be determined at trial but not less than $2,000,000.00.

31.    Plaintiff, pursuant to the CISG and the Uniform Commercial Code,

{00033014.DOCX}

hereby rejects as non-conforming, all of the Alfina Luxury Wheels sold to it, as non-conforming, and further, seeks a refund of all monies paid to Jiangsu plus consequential damages directly resulting from the aforementioned breach by Jiangsu.

32.     Alternatively, plaintiff seeks rescission of the contract based upon Jiangsu's fraud and misrepresentation and seeks, amongst other things, consequential damages directly resulting from the aforementioned breach by Jiangsu.

### COUNT II
### (Breach of Warranty of Fitness)

33.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "32" above, as if fully set forth herein.

34.     The Alfina Luxury Wheels sold to Wheel Choice is covered by an implied warranty of fitness for a particular purpose pursuant CISG §35(2)(a), and the N.Y.U.C.C. § 2-315.

35.     Jiangsu knew the purpose for which plaintiff was purchasing the Alfina Luxury Wheels.  Jiangsu impliedly warranted to plaintiff that, amongst other things, the Alfina Luxury Wheels were fit to be utilized on luxury vehicles.

36.     Plaintiff reasonably relied upon this implied warranty of fitness for a particular purpose in purchasing and then selling the Alfina Luxury Wheels to various wholesalers and retailers.

37.     The Alfina Luxury Wheels did not, and cannot, fulfill the particular purpose for which Wheel Choice contracted with Jiangsu, despite Jiangsu's written and oral representations that the Alfina Luxury Wheels would do so.

{00033014.DOCX}

38.     Accordingly, Jiangsu breached its obligations under CISG §35(2)(a), and  N.Y. U.C.C. §2-315 and is liable to plaintiff for the direct damages sustained by plaintiffs in an amount of not less than $2,000,000.00, the precise amount to be determined at trial.

## COUNT III
### (Negligence)

39.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "38" above, as if fully set forth herein.

40.     Jiangsu owed plaintiff the duty to use reasonable care in designing and supplying the Alfina Luxury Wheels for plaintiff's operations and needs.

41.     Jiangsu knew that plaintiff was relying upon Jiangsu to design the Alfina Luxury Wheel that would meet plaintiff's requirements.  Plaintiff justifiably and reasonably relied upon Jiangsu to design the Alfina Luxury Wheels that would meet plaintiff's requirements.

42.     Jiangsu breached its legal duty to plaintiff by failing to use reasonable care in designing and supplying the Alfina Luxury Wheels that would meet plaintiff's requirements.

43.     Jiangsu knew or should have known that plaintiff was incurring substantial sums for the purpose of marketing and distributing its Alfina Luxury Wheels to the automotive industry and that plaintiff was relying on Jiangsu to use reasonable care in designing and supplying the Alfina Luxury Wheels for that purpose.

44.     As a proximate result of Jiangsu's negligence, plaintiff suffered

{00033014.DOCX}

damages in an amount to be determined at trial, but which exceeds $2,000,000.  Those

damages include costs and expenses paid by plaintiff for the purchase of the Alfna

Luxury Wheels, and lost profits and loss of business good will incurred by plaintiff as a

proximate result of Jiangsu's negligence.

## COUNT IV
### (Breach of Express Warranty)

45.     Plaintiff repeats and re-alleges each of the allegations set forth in

paragraphs "1" through "44" above, as if fully set forth herein.

46.     Defendant Jiangsu made certain express warranties to plaintiff

concerning, but not limited to, the suitability of the Alfina Luxury Wheels for the use of

plaintiff's customers.

47.     Plaintiff reasonably relied upon such representations to its

detriment.

48.     The Alfina Luxury Wheels failed to measure up to those

representations, as in fact, said luxury wheels failed to properly perform during ordinary

use, and were otherwise defective.

49.     These defects breached the express warranties which defendant

Jiangsu made to plaintiff.

50.     As a direct and proximate result of Jiangsu's breach of said express

warranties, plaintiff suffered damages in an amount to be determined at trial, but which

exceeds the sum of not less than $2,000,000.

{00033014.DOCX}

## COUNT V
### (Breach of Implied Warranty of Merchantability)

51.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "50" above, as if fully set forth herein.

52.    Implied in every sale of defendant Jiangsu's Alfina Luxury Wheel is a warranty of merchantability that, among other things, warrants that said luxury wheel would pass without objection in the automotive industry and would be fit for the ordinary purpose for which the luxury wheels were to be used.

53.    Plaintiff reasonably relied upon Jiangsu's warranty of merchantability.  Moreover, plaintiff made its purchases from defendant based upon representations made by defendant Jiangsu to plaintiff as to its many years of experience and expertise in manufacturing wheels of the ilk purchased by plaintiff.

54.    Simply put, the Alfina Luxury Wheels purchased by plaintiff did not pass the standard of merchantability since the product failed of its ordinary purpose and was otherwise defective.

55.    By reason of the foregoing, plaintiff incurred damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT VI
### (Common-Law Fraud)

56.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "55" above, as if fully set forth herein.

57.     Defendant Jiangsu represented to plaintiff for the purposes of their own profit that, amongst other things, the Alfina Luxury Wheels were fit for the usage in the automotive use.

58.     At the time the aforementioned representation was made, defendant Jiangsu was aware of its falsity and very well knew that the Alfina Luxury Wheels were in fact not fit for automotive use.

59.     Defendant Jiangsu permitted this representation to be made so as to induce plaintiff to enter its purchase agreement with defendant so as allow defendant Jiangsu to gain profit from its sale of Alfina Luxury Wheels to plaintiff.

60.     Based upon Jiangsu's representations to plaintiff of the many years of experience and expertise in manufacturing such wheels that defendant Jiangsu represented it had, plaintiff reasonably relied upon Jiangsu's representation when it purchased the Alfina Luxury Wheels from Jiangsu and when it then sold said luxury wheels various retailers and wholesalers.

61.     As a direct and proximate result of defendant's fraudulent representations, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT VII
## (Negligent Misrepresentation)

62.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "61" above, as if fully set forth herein.

{00033014.DOCX}

63.     Defendant Jiangsu represented to plaintiff for the purposes of their own profit that, amongst other things, the Alfina Luxury Wheels were fit for the usage in the automotive use.   Indeed, because of defendant Jiangsu's years of experience and expertise in manufacturing such wheels, defendant had a duty to provide plaintiff with truthful information concerning the fitness and quality of the wheels it sold to plaintiff.

64.     At all material times, defendant Jiangsu was in possession of knowledge and could have reasonably determined that the luxury wheels were in fact, not fit for automotive usage.

65.     Upon information and belief, defendant Jiangsu made no effort whatsoever to test, sample or otherwise determine the fitness of the luxury wheels.

66.     Upon information and belief, defendant Jiangsu made no effort whatsoever to test, sample or otherwise determine the fitness of the luxury wheels in a scientifically accepted manner.

67.     Upon information and belief, defendant Jiangsu made no effort whatsoever to test, sample or otherwise determine the fitness of the luxury wheels in a manner commonly accepted in the trade and industry.

68.     Defendant had a duty to so test the luxury wheels to insure that it performed in proper fashion.

69.     Nonetheless, defendant made false representations concerning the suitability and fitness of the wheels being purchased by plaintiff even though defendant well knew the purpose for which plaintiff was purchasing the wheels, and further, knew that plaintiff would rely upon defendant Jiangsu's representations.

{00033014.DOCX}

70.     Plaintiff reasonably relied upon Jiangsu's representation when it purchased the Alfina Luxury Wheels from Jiangsu and when it then sold said luxury wheels various retailers and wholesalers.

71.     As a direct and proximate result of defendant's negligent misrepresentations, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT VIII
## (Intentional Misrepresentation)

72.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "71" above, as if fully set forth herein.

73.     Defendant Jiangsu represented to plaintiff for the purposes of their own profit that, amongst other things, the Alfina Luxury Wheels were fit for the usage in the automotive use.

74.     At the time the aforementioned representation was made, defendant Jiangsu was aware of its falsity and very well knew that the Alfina Luxury Wheels were in fact not fit for automotive use.

75.     Defendant Jiangsu permitted this representation to be made so as to induce plaintiff to enter its purchase agreement with defendant so as allow defendant Jiangsu to gain profit from its sale of Alfina Luxury Wheels to plaintiff.

76.     At all material times, defendant Jiangsu was in possession of knowledge and could have reasonably determined that the luxury wheels were in fact, not fit for automotive usage.

{00033014.DOCX}

77.     Defendant Jiangsu permitted this misrepresentation of material fact to be made so as to gain profit from its sale of Alfina Luxury Wheels to plaintiff.

78.     Plaintiff reasonably and justifiably relied upon Jiangsu's representations when it purchased the Alfina Luxury wheels from Jiangsu and when it then sold said luxury wheels various retailers and wholesalers.

79.     As a direct and proximate result of defendant's fraudulent representations, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

## COUNT IX
## (Defective Product)

80.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "79" above, as if fully set forth herein.

81.     The Alfina Luxury Wheels were defective.

82.     Defendant Jiangsu manufactured, distributed and/or otherwise introduced into the stream of commerce the defective Alfina Luxury Wheels.

83.     The defective wheels were in a condition most certainly not reasonably contemplated by plaintiff or its customers, and is most unreasonably dangerous for its intended use.

84.     As a direct and proximate result of the defective Alfina Luxury Wheels, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

{00033014.DOCX}

## COUNT X
### (Indemnity)

85. Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "84" above, as if fully set forth herein.

86. Plaintiff's customers are seeking damages caused by the faulty Alfina Luxury Wheels manufactured by defendant Jiangsu. These damages have been caused in full by the breaches of warranty, strict liability, negligence, and/or willful conduct of defendant Jiangsu.

87. No action or inaction by plaintiff caused any damage to its customers who are asserting claims, and any liability of plaintiff to the proponents of its customer's claims is purely based upon the wrongful acts of defendant Jiangsu.

88. Defendant Jiangsu has refused to provide indemnity for any claims asserted by plaintiff's customers although defendant contractually agreed to do so.

89. Plaintiff has incurred, and continues to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of its customer's claims.

90. Plaintiff has incurred, and continues to incur, damages from customer claims and may become subject to further liabilities, costs, expenses and attorneys' fees.

91. Plaintiff is entitled to indemnification from defendant Jiangsu for all costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of its customer's claims.

{00033014.DOCX}

## COUNT XI
## (Contractual Indemnity)

92.     Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "91" above, as if fully set forth herein.

93.     The indemnification agreement entered into between plaintiff and defendant Jiangsu represents a valid, binding enforceable agreement.

94.     Pursuant to the clear and unambiguous terms of the indemnification agreement defendant Jiangsu is required to indemnify plaintiff Wheel Choice for, amongst other things, any liability and/or damages caused by the faulty Alfina Luxury Wheels manufactured by defendant Jiangsu.

95.     Plaintiff Wheel Choice has fully performed its obligations under the indemnification agreement.

96.     Because of defendant Jiangsu's faulty manufacture of the Alfina Luxury Wheels and its continued unlawful distribution of said faultily manufactured luxury wheels, defendant is required to indemnify plaintiff in an amount to be determined at trial, with interest accruing and continuing to accrue thereon, as well as reasonable attorneys' fees and any other losses, costs, and/or expenses.

97.     Plaintiff has incurred, and continues to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of its customer's claims.

98.     Plaintiff has incurred, and continues to incur, damages from customer claims and may become subject to further liabilities, costs, expenses and attorneys' fees.

99.     Despite repeated requests, defendant Jiangsu has breached the indemnification agreement and has refused to indemnify plaintiff Wheel Choice for its losses, costs and/or expenses and otherwise refuses to comply with the terms of, and its obligations under the indemnification agreement.

100.    Plaintiff is entitled to indemnification from defendant Jiangsu for all costs, losses, liabilities, expenses and attorneys' fees incurred and interest accrued and continuing to accrue thereon.

## COUNT XII
### (Contribution)

101.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "100" above, as if fully set forth herein.

102.    Plaintiff's customers are seeking damages caused by the faulty Alfina Luxury Wheels manufactured by defendant Jiangsu.  These damages have been caused in full by breaches of warranty, strict liability, negligence, and/or willful conduct of defendant Jiangsu.

103.    No action or inaction by plaintiff caused any damage to its customers who are asserting claims, and any liability of plaintiff to the proponents of its customer's claims is purely based upon the wrongful acts of defendant.

{00033014.DOCX}

104.    Defendant Jiangsu has refused to provide contribution for any claims asserted by plaintiff's customers.

105.    Plaintiff has incurred, and continues to incur, substantial costs, losses, liabilities, expenses and attorneys' fees in connection with the defense and administration of its customer's claims.

106.    Plaintiff has incurred, and continues to incur, damages from customer claims and may become subject to further liabilities, costs, expenses and attorneys' fees.

107.    Plaintiff is entitled to contribution from Jiangsu for all costs, losses, liabilities, expenses and attorneys' fees incurred in connection with the defense and administration of its customer's claims.

## COUNT XIII
### (Attorneys' Fees and Costs)

108.    Plaintiff repeats and re-alleges each of the allegations set forth in paragraphs "1" through "107" above, as if fully set forth herein.

109.    Jiangsu's conduct of selling a defective product and of failing to cease selling its defective product is arbitrary, willful, capricious, egregious, and in callous disregard of plaintiff's rights.  Indeed, most specifically, plaintiff has discovered that, defendant has continued to sell the defective Alfina Luxury Wheels prominently displaying plaintiff's Alfina trademarked logo on said defective wheels, to amongst others, defendant Choice Auto.

{00033014.DOCX}

110.    Defendant Jiangsu's conduct will continue indefinitely but for legal intervention, and but for plaintiff retaining the undersigned counsel to prosecute the instant action.

111.    As a result, plaintiff has become indebted to the undersigned for reasonable attorneys' fees for which it is entitled to recover from defendant Jiangsu.

## Count XIV
### (Injunction)

112.    Plaintiff repeats and re-alleges each of the foregoing allegations in paragraphs "1" through "111" of this complaint as if fully set forth herein.

113.    Defendant Jiangsu has continued to distribute the defective Alfina Luxury Wheels prominently displaying plaintiff's Alfina trademarked logo on said defective wheels, to a wholesaler of automotive tires and wheels, to wit, defendant Choice Auto.  As set forth above, because of the defective nature of the Alfina Luxury Wheels, the continued distribution of said luxury wheels will sully and tarnish plaintiff's Alfina sterling reputation in the automotive industry, dilute the distinctive quality of the Alfina trademark and brand wheel, and expose plaintiff to liability and other pecuniary harm.

114.    Most certainly, the continued distribution of the aforementioned faulty and defective Alfina Luxury Wheels poses a danger to the public at large in that said defective wheels have proved to break and rupture during ordinary use, exposing the public at large to sever harm and danger, and further exposing plaintiff to significant liability.

{00033014.DOCX}

115.    The foregoing will cause plaintiff irreparable harm to which plaintiff has no adequate remedy at law.

116.    Accordingly, the Court should issue a permanent and mandatory injunction enjoining defendant Jiangsu and/or Choice Auto from distributing and/or selling the Alfina Luxury Wheels to any wholesaler, retailer and/or distributor of automotive tires.

## Count XV
### (Trademark Dilution And Likelihood Of Injury To Business Reputation under Section 360-1 Of New York General Business Law)

117.    Plaintiff repeats and re-alleges each of the foregoing allegations in paragraphs "1" through "116" of this complaint as if fully set forth herein.

118.    New York General Business Law, Section 360-1 provides: Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair completion, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

119.    Plaintiff Wheel Choice is the exclusive owner of the Alfina trademark.

120.    Through prominent and continuous use in commerce, including commerce within New York, the Alfina trademark has become and continues to be famous and distinctive.

121.    Long after the Alfina trademark became famous, defendant

{00033014.DOCX}

- 23 -

Jiangsu, in contravention of the explicit agreement entered into between the parties, has continued to distribute the defective Alfina Luxury Wheels prominently displaying plaintiff's Alfina trademarked logo on said defective wheels, to a wholesaler of automotive tires and wheels, to wit, defendant Choice Auto.  As set forth above, because of the defective nature of the Alfina Luxury Wheels, the continued distribution of said luxury wheels sullies and tarnishes plaintiff's sterling reputation in the automotive industry, dilutes the distinctive quality of the Alfina trademarked brand wheel, and otherwise exposes plaintiff to liability and other pecuniary harm.  Defendant Jiangsu's unlawful distribution of the Alfina trademarked logo in connection with the defective wheels and its resulting tarnishing of the Alfina trademarked logo will lessen the value of Alfina trademarked logo as unique identifiers of plaintiff's products.

122.    By the acts described above, defendant Jiangsu has diluted the distinctiveness of the Alfina trademark and has caused a likelihood of harm to plaintiff Wheel Choice's reputation in violation of section 360-1 of the New York General Business Law.

123.    Defendants' wrongful acts will continue unless enjoined by this Court.

124.    Defendants' acts have caused, and will continue to cause, irreparable harm and injury to plaintiff Wheel Choice.  Plaintiff Wheel Choice has no adequate remedy at law and is thus damaged in an amount not yet determined.

## Count XVI
### (Deceptive Acts and Practices In Violation
### Of Section 349 Of New York General Business Law)

125.    Plaintiff repeats and re-alleges each of the foregoing allegations in paragraphs "1" through "124" of this complaint as if fully set forth herein.

126.    New York General Business Law Section 349 states, in relevant part, that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful".

127.    Through defendants' distribution of unauthorized wheel products bearing the Alfina trademark and logo, defendants have engaged in consumer-oriented conduct that has affected amongst others, the public interest of New York and has resulted in injury to consumers in New York.

128.    The defendants' deceptive acts or practices, as described herein, are materially misleading.  Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom defendants have directed their distribution and marketing activities, and plaintiff Wheel Choice has been injured thereby.

129.    By the acts described above, defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 of the New York General Business Law.

130.    Defendants' acts have caused, and will continue to cause, irreparable harm and injury to plaintiff Wheel Choice.  Plaintiff Wheel Choice has no adequate remedy at law and is thus damaged in an amount not yet determined.

{00033014.DOCX}

**Count XVII**
**(Aiding and Abetting Violations By Defendant Choice Auto**
**Of Sections 349, 360-1 Of New York General Business Law)**

131.    Plaintiff repeats and re-alleges each of the foregoing allegations in paragraphs "1" through "130" of this complaint as if fully set forth herein.

132.    Defendant Choice Auto is an American affiliate of a company in China with whom defendant Jiangsu maintains an extreme close business relationship. To be certain, Choice Auto very well knew of the defective nature of the Alfina Luxury Wheels when it agreed to distribute the defective Alfina wheels.

133.    Choice Auto substantially assisted Jiangsu's violations of Sections 349 and 360-1 of New York's General Business Law when it agreed to continue distribution of the defective Alfina luxury wheels, knowing full and well that said Alfina Luxury Wheels were defective.

134.    As a direct and proximate result of Choice Auto's conduct, plaintiff Wheel Choice has been damaged in an amount in excess of $2,000,000.00, the precise amount to be determined at trial.

135.    In addition, Choice Auto's conduct was intentional, wanton, malicious, fraudulent and shocking to the conscience, and was perpetrated in total disregard for plaintiff's rights.

136.    By reason of the foregoing, defendants, including Choice Auto, should be liable for punitive damages in the sum of at least $10,000.00, so as to deter them and others similarly inclined from perpetrating in the future such acts of misconduct as were committed by defendants.

{00033014.DOCX}

## Count XVIII
## (Breach of Contract)

137.   Plaintiff repeats and re-alleges each of the foregoing allegations in paragraphs "1" through "136" of this complaint as if fully set forth herein.

138.   Plaintiff Wheel Choice subsequently contracted with defendant Jiangsu that, because the Alfina Luxury Wheels as delivered by Jiangsu to plaintiff was not of the kind and quality represented by Jiangsu and as such, was not of merchantable quality and not suitable for use by plaintiff's customers, defendant Jiangsu would arrange for the return of the aforementioned faulty wheel products to China and ensure that these products not be distributed to any other wheel distributor.

139.   Plaintiff Wheel Choice fully performed its obligations under the aforementioned agreement.   Notwithstanding such agreement and notwithstanding plaintiff's full compliance with its obligations under the agreement, defendant Jiangsu failed to comply with its obligations under the agreement and breached said agreement. While Jiangsu accepted the return of a good deal of the aforementioned faulty wheel products, Jiangsu breached the agreement by re-selling those same faultily manufactured wheel products it was obligated to send back to China, to other distributors in the United States.

140.   In light of the foregoing, Jiangsu has breached this agreement with Wheel Choice by re-selling those same faultily manufactured wheel products it was obligated to send back to China, to other distributors in the United States.

{00033014.DOCX}

141.   As a direct and foreseeable result of Jiangsu's breach of this contract, plaintiff suffered damages in an amount to be determined at trial, but which exceeds the sum of not less than $2,000,000.

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

On Counts I through IX, awarding plaintiff consequential and/or compensatory damages in an amount of not less than $2,000,000.00, the precise amount to be determined at trial;

On Counts X, XI, XII and XIII awarding plaintiff damages in an amount to be determined at trial;

On Counts XIV, XV and XVI a permanent injunction be issued enjoining and prohibiting defendants and any of its officers, agents, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by any of defendants, in any jurisdiction in which they operate, from the continued distribution of the Alfina luxury Wheels;

On Counts XVII, awarding plaintiff damages in an amount of not less than $2,000,000.00, the precise amount to be determined at trial, plus punitive damages in the sum of at least $10,000.00;

On Counts XVIII, awarding plaintiff damages in an amount of not less than $2,000,000.00, the precise amount to be determined at trial;

Awarding plaintiff its costs and disbursements of this action; and

{00033014.DOCX}

Awarding plaintiff such other and further relief as the Court deems just and proper.

Dated:   January 29, 2021
         Chestnut Ridge, New York

The Law Office of Jeremy Rosenberg
*Attorney for Plaintiff*

By:   _____
      Jeremy Rosenberg
      777 Chestnut Ridge Road, Suite 202
      Chestnut Ridge, New York 10977
      (845) 729-1172

{00033014.DOCX}